# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM D. BAKER,  :

          Plaintiff,

-vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.  :

Case No. 3:09-cv-405

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

Plaintiff initially brought this action pursuant to 42 U.S.C. §405(g), as incorporated into 42 U.S.C. §1383(c)(3), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying his application for Social Security benefits. (Doc. 3). Plaintiff subsequently filed his Statement of Errors ("Statement") and the Commissioner filed his Memorandum in Opposition. (Doc. 10, 11). Rather than filing a Reply as contemplated by Third Amended Magistrate Judges' Order No. 11 (Sept. 1, 2004), Plaintiff filed a Motion for Remand to which the Commissioner has filed an Objection. (Doc. 12, 13). the parties have fully briefed the issues and the matter is ripe for decision.

Plaintiff seeks a remand of this matter for the purpose of considering additional evidence. Specifically, Plaintiff seeks remand for the consideration of a 2001 cardiac catheterization

report; a March 20, 2009, report from Dr. Agarwal; and August 19 and October 16, 2009, reports from Dr. Kahn.  (Doc. 12, attachments thereto).

The remand provision of 42 U.S.C. §405(g) provides that the court may order a case remanded to the Commissioner for further consideration "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. §405(g);  *see also, Casey v. Secretary of Health and Human Services,*  987 F.2d 1230, 1233 (6th Cir. 1993).

The court may review new evidence submitted after the Administrative Law Judge's decision for the limited purpose of determining the appropriateness of a remand to the Commissioner under sentence six of 42 U.S.C. §405(g).  *Wyatt v. Secretary of Health and Human Services,* 974 F.2d 680, 685 (6th Cir. 1992).  Such remand is appropriate, however, only if the court finds that the evidence is new and material and there is good cause for the failure to incorporate that evidence into the record of the prior proceeding.  *Sizemore v. Secretary of Health and Human Services,* 865 F.2d 709, 711 (6th Cir. 1988).

To establish materiality, the plaintiff must show, "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore,* 865 F.2d at 711 (citations omitted).  New evidence on an issue already fully considered by the Commissioner is cumulative and is not sufficient to warrant remand of the matter.  *Carroll v. Califano,* 619 F.2d 1157, 1162 (6th Cir. 1980).  Additional evidence is material only if it concerns the plaintiff's condition prior to the Commissioner's decision.  *Oliver v. Secretary of Health and Human Services,* 804 F.2d 964, 966 (6th Cir. 1986).  Evidence of a subsequent deterioration or change in the plaintiff's condition after the administrative hearing is

2

deemed immaterial. *Wyatt,* 974 F.2d at 685, *citing, Sizemore,* 865 F.2d at 712.

To show good cause, plaintiff must present some justification for the failure to have acquired and presented such evidence to the Commissioner for inclusion in the record during the hearing before the Administrative Law Judge. *See, Willis v. Secretary of Health and Human Services,* 727 F.2d 551 (6th Cir. 1984); *see also, Oliver, supra.* Additional evidence generated for the purpose of attempting to prove disability in contrast to evidence produced by continued medical treatment does not meet the good cause requirement of the Act. *Koulizos v. Secretary of Health and Human Services,* No. 85-1654 (6th Cir. Aug. 9, 1986) (table 802 F.2d 458).

A remand for the consideration of additional evidence is a "sixth sentence" remand, *see, Sullivan v. Finkelstein,* 496 U.S. 617 (1990), and is a pre-judgment remand. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 175 (6th Cir. 1994) (citations omitted). Following such a remand, the Commissioner shall, after the case is remanded and after hearing such additional evidence if so ordered, modify or affirm the findings of fact or decision, or both, and shall file with the court any such additional and modified findings of fact and decision. *Finkelstein, supra.* Stated differently, in the case of a "sixth sentence" remand, the district court retains jurisdiction so that following this type of remand, it may review such additional or modified findings. Because a remand motion under sentence six is not dispositive of Plaintiff's claim, it is within the decisional authority of the Magistrate Judge.

First, the 2001 cardiac catheterization report pre-dates Plaintiff's alleged onset date by several years. Plaintiff's position is that the report establishes that his ejection fraction was twenty percent and that presumably the report is material because the MA who testified at the first hearing was critical of the fact that there was no documentation in the file of an ejection fraction of

twenty percent. Plaintiff admits that the report pre-dates the hearings and Administrative Law Judge Steven Templin's opinion, but suggests that there was good reason for not including it in the record because his previous counsel failed to obtain the report. However, Plaintiff has not advanced any justification for that failure. Similarly, with respect to the March 2009, report from Dr. Agarwal which pre-dated Judge Templin's opinion as well as the Appeals Council action on Plaintiff's request for review, Plaintiff has offered no justification for his failure to include that report in the record.[1] This Court reaches the same result with respect to Dr. Kahn's August, 2009, report. That report pre-dates the Appeals Council's action on Plaintiff's request for review and, once again, Plaintiff has offered no justification for his failure to include it in the record.

Even assuming Plaintiff had met the "good cause" requirement for remand, he has failed to establish the "materiality" requirement. Specifically, there is little, if any, likelihood that the Commissioner would have reached a different conclusion if he had any of the evidence before him.

First, none of the reports from Dr. Agarwal or Dr. Kahn are supported by clinical notes. Further, Dr. Agarwal based his opinion primarily on Plaintiff's subjective complaints and reported few objective findings. In addition, aside from reciting some of Plaintiff's subjective complaints, Dr. Kahn noted that his exam of Plaintiff indicated that Plaintiff was comfortable, his lungs were clear, his cardiac exam was normal on August 19, 2009, and on October 16, 2009, revealed, at worst, a soft S3 murmur, and that Plaintiff was doing well. In addition, Dr. Kahn recommended that Plaintiff, *inter alia,* exercise.

This Court concludes that Plaintiff has not satisfied the requirements for remand of

---

[1] The Court notes that Plaintiff did submit to the Appeals Council additional evidence which pre-dates the March 2009, report for which Plaintiff now seeks remand. *See,* Tr. 192-210)

this matter for the purposes of considering additional evidence. Therefore, Plaintiff's Motion for

Remand, (Doc. 12), is denied.

April 15, 2010.

                  s/ **Michael R. Merz**
                  United States Magistrate Judge